**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4384**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

TIMOTHY HAYMAN,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:08-cr-00180-F-1)

─────────────

Submitted:  August 31, 2010          Decided:  September 17, 2010

─────────────

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Hayman pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base "crack." The district court sentenced Hayman to 236 months of imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but nominally raising thirteen issues. For the reasons that follow, we affirm.

For clarity's sake, we have consolidated counsel's numerous issues into four categories. First, Hayman questions whether there was any error regarding his plea. Because Hayman did not move in the district court to withdraw his guilty plea, we review his Fed. R. Crim. P. 11 hearing for plain error and find none. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002).

Second, we find no abuse of discretion in Hayman's sentence. See Gall v. United States, 552 U.S. 38, 41 (2007) (providing standard). The district court correctly calculated Hayman's advisory Sentencing Guidelines range as 210-262 months and imposed a sentence in the middle of that range. The court considered arguments from the parties, heard personally from Hayman, and expressly stated that it had considered the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) before

2

imposing the sentence. We presume on appeal that a sentence imposed within the appropriate Sentencing Guidelines range is reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

Next, we find no ineffective assistance of counsel. Claims of ineffective assistance of counsel are not cognizable on direct appeal, unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

Finally, in accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Hayman's conviction and sentence. This court requires that counsel inform Hayman, in writing, of the right to petition the Supreme Court of the United States for further review. If Hayman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hayman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3